IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARY KATHERINE HARRIS, on )
behalf of herself and all persons or )
entities similarly situated, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-15-94-C
)
CHEVRON U.S.A., INC., )
FOUR STAR OIL & GAS CO., )
McFARLAND ENERGY, INC., )
CHEVRON MIDCONTINENT L.P., )
PURE PARTNERS, L.P., )
CHEVRON APPALACHIA, LLC, )
UNION OIL COMPANY OF )
CALIFORNIA, and )
CHEVRON MICHIGAN, LLC, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this case as a potential class action in state court, raising claims that Defendants breached a contract by failing to pay royalties on an oil well, as well as other state law-based tort claims. Defendants Chevron USA, Inc., Four Star Oil & Gas Co., McFarland Energy, Inc., Chevron Midcontinent L.P., Pure Partners, L.P., and Union Oil Company of California ("Defendants") filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of their Motion, Defendants argue that while Plaintiff's Complaint is lengthy, it fails to assert factual allegations necessary to raise her claims above the speculative level.

Defendants argue that Plaintiff's Complaint should be dismissed because it fails to "state a claim to relief that is plausible on its face." Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007)). According to Defendants, virtually every allegation in Plaintiff's Complaint asserts it is "based on information and belief," thus, it is insufficient to satisfy the requirements for pleading following Twombley and Iqbal[1]. After consideration of Plaintiff's argument in response, as well as the allegations in her Amended Complaint, the Court finds Defendants' argument without merit. Plaintiff's Complaint fairly apprises Defendants of the nature of her claims and raises allegations which, if proven, would establish a right to recover. Her allegations move her claim across the line from merely conceivable to plausible. Twombley, 550 U.S. at 570. Further, as Plaintiff notes, much of the information necessary to add additional factual support to her claims is solely in the control of Defendants. "[T]he complaint . . . give[s] the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Finally, it is apparent from Defendants' Motion to Dismiss, and the assertions raised in their Notice of Removal, that they have a fair appreciation for the nature of Plaintiff's claims and the facts on which those claims are based. Accordingly, to the extent Defendants seek dismissal of Plaintiff's Amended Complaint in its entirety, that portion of their Motion will be denied.

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Defendants argue that Plaintiff's Amended Complaint is deficient because it fails to distinguish between Defendants. According to Defendants, Plaintiff is suing a number of individual Defendants but has failed to identify with any specificity exactly which Defendant did what. In response, Plaintiff notes that she has sued each of the Defendants because the monthly remittance statement she receives for her royalty payments lists each of those Defendants as paying the proceeds. According to Plaintiff, at this stage she cannot determine which of the Defendants is responsible for making the payments and consequently failing to properly pay those amounts as she alleges.

The Court has reviewed the remittance statement provided by Plaintiff.[2] As Plaintiff argues, that statement lists a number of individual companies and it is impossible to distinguish which actually made the payments to Plaintiff. Thus, Plaintiff is entitled to additional discovery to determine precisely which of the named entities is a proper Defendant in this case. Defendants' Motion will be denied on this issue.

Defendants argue that Plaintiff fails to state a claim for breach of contract because she has not described the provisions of her lease, identified the wells subject to the lease, and alleged that one of the Defendants is the lessee under that lease, or has some other relationship that would give rise to a duty to pay the royalty. Further, Defendants argue that

---

[2] Because this document was referenced in Plaintiff's Amended Complaint, and neither party disputes its authenticity, consideration of it does not require the Court to convert this matter to summary judgment. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

3

Plaintiff was required to either describe or attach her individual lease before proceeding in the breach of contract claim. In support of their argument, Defendants direct the Court to Hitch Enterprises, Inc. v. Cimarex Energy Co., 859 F.Supp.2d 1249 ( W.D. Okla. 2012), and its reliance on Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration and Production, Inc., No. CIV-11-344-R, 2011 WL 9527717 (W.D. Okla. Jul. 14, 2011). In Chieftain Royalty, Judge Russell held

> that to state plausible claims for breach of oil and gas leases by breach of the duty to market implied therein under Twombly, supra, Plaintiffs must identify or describe their individual leases in which Defendant . . . is the lessee or successor lessee or attach copies thereof and describe the royalty terms thereof so as to raise the existence of leases between the individual Plaintiffs and Defendant . . . and alleged breach by Defendant of the implied duty to market and thus Plaintiffs' right to relief beyond the speculative level.

Id. at 2.

Regarding the argument that she failed to identify the provisions of the lease, the well, or the proper Defendant, Plaintiff points to ¶¶ 22 and 23 of her Amended Complaint, asserting those paragraphs provide the information necessary for Defendants to respond to the claim for breach of contract. Although it requires reference to more paragraphs than identified by Plaintiff, the Amended Complaint fairly apprises Defendants of the lease provisions allegedly breached and the applicable wells. For the reasons previously discussed herein, Plaintiff's failure to identify a specific Defendant is not fatal.

As for Defendants' reliance on Hitch Enterprises and/or Chieftain, no party disputes that Plaintiff receives royalties pursuant to a lease agreed to by one or more of the named Defendants. Further, no party suggests that those leases do not exist and are not in the

4

possession of the parties. While at some point the Court will be required to examine the leases to determine precisely the rights of the parties, the allegations in Plaintiff's Amended Complaint set out with required specificity the manner in which she believes Defendants are breaching the terms of the lease. The Court simply finds no requirement in the law that she attach a copy of a document in the possession of Defendants to permit her claim to survive a Motion to Dismiss. Neither Hitch Enterprises nor Chieftain impose such a requirement, nor does the Court find any other Oklahoma law to support such a requirement. Consequently, this portion of Defendants' Motion to Dismiss will be denied.

Defendants next challenge Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Defendants argue that Oklahoma has been reluctant to extend a tort recovery for bad faith breach of a contract beyond the insurance field. See Embry v. Innovative Aftermarket Sys., L.P., 2010 OK 82, ¶ 6, 247 P.3d 1158, 1160. Plaintiff argues she has pled facts demonstrating a special relationship which is one of the prerequisites to bringing this claim for relief.

As Defendants note, Oklahoma has, at virtually every opportunity, rejected claims seeking to create the tort of bad faith in actions outside of the insurance context. Despite Plaintiff's arguments to the contrary, the Court finds that Oklahoma would not support a bad faith claim in the context of an oil and gas lease. Consequently, this portion of Defendants' Motion to Dismiss will be granted.

Defendants challenge Plaintiffs' claim for fraud, deceit, and fraudulent concealment, arguing that she has failed to plead fraud with the required particularity pursuant to

5

Fed. R. Civ. P. 9(b). After reviewing the allegations in Plaintiff's Amended Complaint, the Court finds that Plaintiff has met the required specificity. She has identified the speaker, (Defendants[3]), the speech (the checks), and the allegedly fraudulent representations (failure to pay proper royalty). To the extent Defendants argue that some of the claims may be time barred, Plaintiff has pled facts arguing that Defendants' actions prevented her from discovering a wrongdoing earlier.[4] Plaintiff has pled a tort claim for fraud, and Defendants' Motion to Dismiss will be denied on this issue.

Defendants argue that Plaintiff cannot state a claim for breach of fiduciary duty because Plaintiff has not alleged that she or any putative class member owns a royalty interest that is subject to a unitization order from the Oklahoma Corporation Commission. In support, Defendants note that, as a matter of Oklahoma statutory law, an oil and gas lease does not create a fiduciary relationship. See 52 Okla. Stat. § 902(2). As Defendants note in their Reply, Oklahoma has rejected the existence of a fiduciary duty under the same arguments raised by Plaintiff. See Krug v. Helmerich & Payne, Inc., 2013 OK 104, ¶ 15, 320 P.2d 1012, 1018. Because Oklahoma law does not establish the existence of a fiduciary duty under the facts present in this case, this portion of Defendants' Motion to Dismiss will be granted.

---

[3] For the reasons set forth herein, Plaintiff cannot at this time identify the specific Defendant(s).

[4] As Defendants suggest, Plaintiff's claim for fraudulent concealment is a defense to the statute of limitations.

Defendants seek dismissal of Plaintiff's claim for conversion, arguing that Plaintiff and the putative class members are seeking to recover money from Defendants, not separately identifiable personal property. See Shebester v. Triple Crown Insurers, 1992 OK 20, ¶ 14, 826 P.2d 603, 608 (noting that an action for conversion does not ordinarily lie because the recovery of money "is considered intangible personal property"). In response, Plaintiff argues that her conversion claim is not that Defendants converted money, but that Defendants converted hydrocarbons produced by a well for which she was entitled to payment. Because neither she nor any of the other putative class members consented to sales for less than a fair market amount, Plaintiff alleges that Defendants exercised control over her personal property, namely those hydrocarbons, and acted in a way inconsistent with her rights.

As Defendants note in their Reply, despite Plaintiff's creative argument she is not attempting to recover any hydrocarbons; rather, what she is attempting to recover is money based on her right to be paid the value for her royalty share of production. That right to payment is not a tangible personal property that can be converted. See Hitch Enters., 859 F.Supp.2d at 1264. Accordingly, Defendants' Motion to Dismiss Plaintiff's conversion claim will be granted.

Defendants seek dismissal of Plaintiff's claim for unjust enrichment, arguing that remedy is unavailable to the Plaintiff because she has an adequate remedy at law. In response, Plaintiff argues that she has pled sufficient grounds to state a claim and that she may plead separate claims regardless of the inconsistency and whether they are based on

legal or equitable grounds, or both. Therefore, she argues, she should be entitled to pursue her claim for unjust enrichment.

Although Plaintiff is entitled to but one recovery, she may pursue as many theories of relief as the facts and law will permit, even if those theories are in conflict. See Fed. R. Civ. P. 8(a)(3); Howell v. James, 1991 OK 47 ¶¶ 6-14, 818 P.2d 444, 446-48. Thus, while ultimately Plaintiff cannot recover damages for both breach of contract and conversion or unjust enrichment, she is certainly permitted to pursue both claims at this stage. Therefore, Defendants' Motion to Dismiss will be denied on this issue.

Defendants argue that Plaintiff's request for accounting, declaratory judgment, and injunctive relief should be dismissed because those are not claims but remedies dependent upon a resolution of other claims and therefore fail based on Plaintiff's failure to properly plead.

The Court finds Plaintiff has sufficiently pleaded claims asserting claims for relief. The nature or form that relief takes will be determined through the course of the case. At this stage, Defendants are not entitled to dismissal of equitable remedies simply because Plaintiff has also pled legal remedies. To the extent Defendants argue that some of Plaintiff's claims are not stand-alone claims for relief, that argument does not warrant dismissal, as the nature and form of Plaintiff's relief will be determined before the conclusion of this matter.

Defendants assert they are uncertain whether Plaintiff is arguing that she is entitled to interest as part of her damages for breach of contract or unpaid royalties. In response, Plaintiff states that she is seeking recovery of any and all unpaid or underpaid interest

pursuant to 52 Okla. Stat. § 570.10.D.1. Plaintiff argues that Defendants were paying interest at 6% under § 570.10.D.2A, rather than the statutorily required 12%. In support of her argument, Plaintiff relies upon a check stub appended to her Response to Defendant Chevron's Motion to Dismiss. In Reply, Defendants argue that Plaintiff's Response simply highlights the inadequacy of her Amended Complaint and notes that dismissal is therefore required.

For the reasons stated herein, the Court finds that Plaintiff has adequately apprised Defendants of the nature and substance of her claims and has pled facts stating a plausible claim for relief related to the alleged underpaid interest. Paragraph 91 clearly states that Defendants have failed to pay interest at the required 12% rate on royalty payments that were not paid within the required time frame. Therefore, Defendants' Motion to Dismiss will be denied on this issue.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 20) and Defendant Pure Partners, L.P. Joinder (Dkt. No. 24) are GRANTED IN PART and DENIED IN PART. Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and conversion are dismissed. Because no amendment could cure the defects, the dismissal of these claims is with prejudice.

IT IS SO ORDERED this 15th day of June, 2015.

ROBIN J. CAUTHRON
United States District Judge